**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAVIER ARMANDO MONGE-RIOS,

      Applicant,

v.                                                       No. CV 11-590 WJ/CG

LEE VAUGHN,

      Respondent.

**ORDER ADOPTING PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on September 21, 2011. (Doc. 10). The Magistrate Judge recommended that Mr. Monge-Rios' *Actual Innocence Claim Pursuant to the Writ of Habeas Corpus*, (Doc. 1), be transferred to the United States District Court for the District of Arizona. (*Id.* at 10). Petitioner filed objections to the PFRD. (Doc. 11). Respondent did not file objections and did not respond to Petitioner's objections. This Court conducted a *de novo* review of the PFRD to determine the validity of the objections. *See* 28 U.S.C. § 636(b)(1).

Petitioner's objections are somewhat unclear, but he appears to contend that this Court has the jurisdictional authority to grant the petition because Petitioner's "physical custody is in direct contravention of the Constitutional Laws of the United States as [he] stands convicted of a crime he did not purposefully commit[]." (Doc. 11 at 2). He believes that failure to grant the petition will result in a denial of due process. (*Id.* at 3). He notes that the United States does not oppose his petition and has recommended that the petition be

granted "in the interests of justice." (Doc. 11 at 1; Doc. 7 at 1, 3).

Contrary to Petitioner's assertions, the United States District Court for the District of Arizona is the only Court capable of resolving his habeas petition. Petitioner was convicted and sentenced in the District of Arizona. Consequently, any attempt to attack the validity of that conviction must be brought in that same district. *See, e.g.*, *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) ("Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district that convicted and sentenced him."). Although the § 2255 remedy may be found "inadequate or ineffective" in certain exceptional circumstances, the Magistrate Judge found that no such circumstances were present in this case. (Doc. 10 at 6) (citing *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999)). Petitioner has not shown any set of facts to prove otherwise. He merely claims that the District of Arizona "does not have the power to resolve the matter." (Doc. 11 at 3). Such a conclusory allegation, without more, is insufficient to prove that the § 2255 remedy is inadequate or ineffective. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) ("The burden is on the petitioner to demonstrate inadequacy or ineffectiveness.") (citing *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996)). Therefore, the Court will deny Petitioner's objections and will adopt the Magistrate Judge's recommendation.

**IT IS THEREFORE ORDERED** that the United States Magistrate Judge's *Proposed Findings and Recommended Disposition,* (Doc. 10), is hereby adopted by this Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer Petitioner's *Actual Innocence Claim Pursuant to the Writ of Habeas Corpus*, (Doc. 1), to the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that Petitioner's *Notice of Motion for Expedited Review/Judgment on the Pleadings, due to an Innocent Inmate/Prisoner Being Unlawfully Incarcerated, as Presented as Claime* [sic] *in CV/11-590 WJ/CG*, (Doc. 9), be **DENIED AS MOOT**.

_____
UNITED STATES DISTRICT JUDGE